Held-Cummings v Osmundson (2018 NY Slip Op 03051)





Held-Cummings v Osmundson


2018 NY Slip Op 03051


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


611 CA 17-01913

[*1]HELEN L. HELD-CUMMINGS, PLAINTIFF-RESPONDENT,
v
MARK L. OSMUNDSON, DEFENDANT-APPELLANT. 






MARK L. OSMUNDSON, DEFENDANT-APPELLANT PRO SE.
MARK WOLBER, UTICA, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated June 1, 2017. The order denied the pro se motion of defendant seeking a transcript of the parties' divorce trial. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this postjudgment matrimonial proceeding, defendant appeals from an order denying his pro se motion seeking a transcript of the parties' divorce trial, which took place more than 20 years earlier. Defendant explained that he wanted a copy of the transcript so that he could move to vacate the judgment of divorce, entered April 11, 1996. According to defendant, he intended to use the transcript to establish in a separate motion that plaintiff, his ex-wife, committed perjury at trial when she testified to alleged acts of cruel and inhuman treatment committed by defendant. Because defendant's motion requested a copy of the transcript "free of charge," Supreme Court interpreted the motion as one requesting poor person relief. The court denied the motion on the grounds, among others, that defendant did not make the motion on notice to the Office of the Jefferson County Attorney and failed to establish that he was indigent.
On appeal, defendant contends that he was not in fact seeking poor person relief and that he is willing and able to pay for the transcript. If that is the case, however, defendant does not need a court order to obtain the transcript. Judiciary Law § 300 provides that "[a] stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same." Similarly, section 302 (1) reads: "Every stenographer in a court of record must, upon request, furnish, with all reasonable diligence, to . . . a party, or his attorney in a civil cause, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law."
Thus, there was no need for a motion if defendant was willing and able to pay for the transcript. Because defendant brought a motion and asked for a free transcript, however, the court understandably interpreted the motion as requesting poor person relief. Inasmuch as defendant did not allege that he was indigent, we conclude that the court properly denied the motion.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court